### CLARKE v. CHICAGO & N. W. RY. CO.
Civil Action No. 1322.

District Court, D. Minnesota,
Fourth Division.

Dec. 17, 1945.

580

Carl L. Yaeger, of Davis, Michel, Yaeger & McGinley, all of Minneapolis, Minn., for plaintiff.

Alfred E. Rietz, of St. Paul, Minn., for defendant.

DONOVAN, District Judge.

Plaintiff commenced an action to recover damages attributed to personal injuries arising out of an accident during the course of plaintiff's employment by defendant as a switch foreman, on July 21, 1944, at Milwaukee, Wisconsin.

At the time of the accident, plaintiff was forty years of age and was an experienced railroad employee, having been employed by defendant in various capacities since he was eighteen years of age, and continuously in switching service by defendant in its Third Ward Yards in Milwaukee, for a period of some six years preceding the accident.

Early in the morning of July 21, 1944, plaintiff was working as a switch foreman, switching cars of a train that had just arrived from Illinois. It was dark enough to require the use of an electric lantern by plaintiff. Just before plaintiff met with the accident he was standing on the top of a box car in the middle of a train made up of approximately sixty cars. The switching crew consisted of himself and two fellow switchmen. One of the latter was working next to the locomotive and the other at the end of the train most remote from the locomotive.

The only evidence in the case as to the cause of the accident is the testimony of the plaintiff. There were no other witnesses to the accident. Plaintiff testified that he stood in the middle of the train in the manner described for the purpose of receiving and passing signals which would be relayed to the engine men on the locomotive by the switchman working next thereto. The train was moving slowly at about five miles per hour when plaintiff decided that he could signal his fellow switchmen better from a box car standing upon an adjoining and parallel track. He stepped or jumped across to the top of said last-

named box car and after taking two or three steps plaintiff testified that he stubbed his toe against a screw, nail or some similar object projecting from the surface of the running board of said car, which caused plaintiff to trip and fall a distance of about fourteen feet to the ground below, where he was found by his fellow employees. An ambulance was called and he was taken to a hospital in Milwaukee, attended by defendant's doctors and hospitalized for about one month.

Diagnosis, aided by X-ray, established the presence of a fracture of plaintiff's left heel bone and compression fractures of the first and fourth lumbar vertebrae. The heel was operated upon and plaintiff's left foot and part of his leg was placed in a cast. The cast was removed at the end of eight weeks. Plaintiff described pain, suffering and inconvenience experienced by him up to the time of the trial, and represents that he is incapable of carrying on his livelihood in switching service or performing the required labor in connection therewith.

The medical testimony described a 15% permanent disability of plaintiff's left foot, including the ankle joint movement. Further, that while plaintiff's back had improved at the time of the trial, its condition was such as to prevent assumption of "heavy active labor".

This action was brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. and the Safety Appliance Act, 45 U.S.C.A. § 11. Plaintiff predicates his cause of action upon the claimed violation of said Section 11 of the Safety Appliance Act, which required defendant at all times herein to equip all cars used by it in interstate commerce with "secure running boards." Defendant claims it did provide its cars with secure running boards. Plaintiff contends that the projection described above was the proximate cause of his accident.

Plaintiff had a verdict of $11,000.

Defendant's motions may be summarized as follows:

(1) Defendant moves for judgment because

(a) plaintiff failed to prove actionable negligence;

(b) defendant's negligence, if any, was not the proximate cause of the accident; or,

(2) for a new trial because

(a) of errors occurring during the trial;

(b) of misconduct on the part of plaintiff's counsel;

(c) the verdict was excessive.

■ Defendant argues vigorously that the accident did not happen in the manner described by plaintiff. Defendant is without direct evidence to contradict plaintiff's description of the happening of the accident, and hence theorizes that plaintiff slipped or was thrown from the top of the box car by a cause for which defendant was not responsible. The verdict of the jury makes it clear that plaintiff's story was accepted as true. Plaintiff testified that when confronted with the situation here existing it was proper custom and practice to do what he did in stepping across from the box car he was riding on to a box car standing still upon an adjoining track. Defendant produced testimony to the contrary. The custom, however, was not the test, but rather what a reasonable and prudent person would do under like or similar circumstances. Terminal Railroad Association of St. Louis v. Schorb, 8 Cir., 151 F.2d 361. The industrial accident is not denied, and for the Court to say that plaintiff's testimony to the effect that something protruded above the surface of what should have been a secure running board was untrue would constitute an invasion by the Court of the province of the jury.

■ The right to jury trial constitutes a part of the remedy afforded by the Acts referred to, and an employee such as the plaintiff in this case should not be deprived of that right, even where plaintiff's case may be close and doubtful. Terminal Railroad Association of St. Louis v. Schorb, supra; Tiller, Executor, v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967; Bailey, Administratrix, v. Central Vermont Ry. Inc., 319 U.S. 350, 63 S.Ct. 1062, 87 L.Ed. 1444.

■ If the condition of the running board on the box car from which plaintiff fell was as plaintiff describes it to be, it was proper for the jury to consider whether such condition violated the Safety Appliance Act and was the proximate cause of the accident.

As said by the Court in Chicago, St. Paul, Minneapolis & Omaha R. Co. v. Muldowney, 8 Cir., 130 F.2d 971, at page 977:

"In view of the verdict of the jury, whose province it was to determine the question of proximate cause, the contention that the violation of the Safety Appliance Act was not the proximate cause of Muldowney's death need only be given passing notice."

It was for the jury, as the triers of the facts, to weigh the evidence and to judge the credibility to be given the testimony in the case. On motions such as here under consideration the Court must view the evidence and inferences reasonably to be drawn therefrom in the light most favorable to plaintiff. Cole v. Chicago, St. P., M. & O. Ry. Co., D.C., 59 F.Supp. 443; Tiller, Executor, v. Atlantic Coast Line R. Co., supra; Bailey, Admrx., v. Central Vermont Ry., Inc., supra.

The Court is not unmindful of the persuasive reasoning of defendant relative to the scintilla rule. All of the cases cited by defendant in support of its motion for judgment are readily distinguished on their facts from the case at bar. There can be no gainsaying that liability in a case such as the present one arises from negligence rather than from injury, and that negligence must be the cause of the damage sued for.

The evidence in this case is not so overwhelmingly on defendant's side as to require the Court to vacate the verdict and judgment for plaintiff.

Defendant urges that plaintiff's testimony is of such nature as to be unworthy of belief. Defendant's challenge in this respect was submitted to the fact-finding body. Plaintiff's story was obviously accepted.

A motion for judgment non obstante presents solely a question of law to be determined by the Court, a right to be cautiously and sparingly exercised. The record here leads to the conclusion that the Court is not justified in holding, as a matter of law, that the verdict was without evidentiary support.

The granting of a new trial presupposes error occurring during the trial. In the opinion of the Court, the record in this case is free from harmful error.

Misconduct on the part of plaintiff's counsel during argument to the jury is suggested as one of defendant's grounds for a new trial. It is the Court's opinion that counsel's argument as a whole was legitimate. Throughout the trial counsel representing both parties conducted themselves in a commendable and lawyerlike manner. Conduct both gentlemanly and courteous was the rule rather than the exception. During argument to the jury, counsel for plaintiff did make reference to plaintiff's "family". To this defendant excepted and immediately plaintiff withdrew the remarks excepted to and the jury were told to disregard such argument. Plaintiff's wife testified. The jury knew this.

Defendant, as a further ground for a new trial, contends that the verdict is excessive. Counsel, undoubtedly having in mind that comparisons are odious, submits no authorities on this point.

While the verdict may appear large, in light of the evidence it cannot be held excessive. There is nothing in or about the verdict that suggests that it came about by reason of the existence of passion and prejudice, and the Court is of the opinion that the jury verdict was not in any degree motivated by passion and prejudice.

The Court is satisfied that all proper issues were fairly and fully submitted to the jury.

The motions of the defendant are in all things denied.