FLORENCE BUTTOMER MAJOR, APPELLANT, *v.* JOHN FRASER AND HAZEL H. HALL, RESPONDENTS.

No. 4423

January 30, 1962 368 P.2d 369

*Nada Novakovich,* of Reno, for Appellant.

*R. P. Wait & E. J. Wait, Jr.,* of Reno, for Respondent
John Fraser.

*Goldwater, Taber and Hill,* of Reno, for Respondent
Hazel H. Hall.

## OPINION

By the Court, McNamee, J.:

This is an action to recover damages for injuries sus-
tained by appellant on March 30, 1960 in a fall on a
public sidewalk in Reno, Nevada. The sidewalk was in
front of property occupied by respondent Fraser where
he conducted an automobile parking lot and was adjoin-
ing the property of respondent Hall. Hall and her
deceased husband had constructed a sidewalk in front

of their property in July 1957. The construction contractor without authority from the Halls "feathered in" the sidewalk across Halls' boundary line to connect with the adjoining sidewalk in front of Fraser's property in order to bring it down in a gradual slope to the height of Fraser's sidewalk. At the time of this construction the connection was smooth. By March 30, 1960 parts of the connection had gradually sloughed off causing a crack in the sidewalk. This was due not to any special use of the property by Fraser but to pedestrian use and the weather only. The driveway entering the parking lot was approximately 50 feet from the crack. Appellant's fall was caused by her heel catching in the crack. No repairs to the sidewalk had been made since its installation.

The lower court ordered a directed verdict in favor of the respondents. Appeal is from the judgment based on such verdict.

As to respondent Fraser, appellant concedes that an abutting property owner or occupant is under no duty to keep the sidewalk in front of his property in a reasonably safe condition. Such is the general rule at common law in the absence of statute. Winston v. Hansell, 160 Cal.App.2d 570, 325 P.2d 569.

1957 Stats. of Nev., Ch. 287, sec. 10.496, p. 392, provides that the construction, maintenance and repair of sidewalks within the City of Reno is a governmental function, and further provides that the city may require the repair of sidewalks and make the cost thereof a lien against the abutting property. This power so granted to the city had not been exercised.

The general rule is that such statutes, even when the city has given an abutting owner specific notice to repair pursuant thereto, does not impose liability on the owner to travelers for injuries incurred by reason of a defective sidewalk. Pierce v. Jilka, 163 Kan. 232, 181 P.2d 330; Schaefer v. Lenahan, 63 Cal.App.2d 324, 146 P.2d 929.

In Schaefer the plaintiff tripped in a hole in the sidewalk, which had not been repaired by the abutting owner after notice from the city authorities. The court in upholding the said general rule cited many authorities and stated:

"It is the theory of appellant that this statute not only imposes a duty upon the property owner to pay for repairs, but also creates a duty in favor of travelers on the sidewalk, and makes the property owner liable to such travelers for injuries received because of the defective condition of the sidewalk. This interpretation of the statute is not sound. The primary duty to keep sidewalks in repair is on the city. The statute above quoted merely provides a statutory method by which the city may collect the cost of repairs from the property owner. The statute creates a duty on the part of the property owner to keep the sidewalks in repair—but that duty is owed to the city, not to the traveler on the sidewalk. The extent of the liability created is to pay for the repairs, not to pay damages to an individual, nor to reimburse the city if it is compelled to pay such damages.

"Statutes similar to the one here involved have been passed by many states. In interpreting such statutes, the overwhelming weight of authority is to the effect that a statute which requires abutting owners to maintain and repair sidewalks adjoining their premises, such work to be done by the municipality at the expense of the abutting owners in case of their failure to construct or repair, does not impose liability upon such owners, either to travelers or to the city, for injuries incurred by reason of the defective sidewalk."

Even though the defect in the sidewalk was not caused by Fraser, appellant nevertheless contends that the defect constitutes a nuisance and Fraser is liable for maintaining a nuisance.

In the case of McFarlane v. City of Niagara Falls, 247 N.Y. 340, 160 N.E. 391, 57 A.L.R. 1, relied upon by appellant, the suit was against the city which had the statutory duty to regulate and maintain its streets. The court there said the defect which caused the injury created a danger, and if "danger there was, then also

there was nuisance, though nuisance growing out of negligence." The court expressly limited its holding therein to a situation where negligence is a basis of the nuisance. In the present case Fraser was not negligent because, as abutting occupant, he owed no duty to the traveling public to maintain the sidewalk in a reasonably safe condition.

We are of the opinion that the case of Marsh v. McLaughlin, 210 Ore. 84, 309 P.2d 188, properly disposes of appellant's contention in this regard. There the court said:

"We see no reason for considering that the cause of action based on the theory of nuisance presents any different problem from that presented by the cause predicated on negligence. Both rest upon the premise that the city has by charter imposed upon the defendant the duty to repair plus liability to injured persons for failure to repair. By the great weight of authority the charter of the City of Salem imposes the duty to repair as between the city and the property owner but does not impose liability for injuries suffered by third parties. If the complaint had alleged that the defendant had by affirmative action created a nuisance in the street, a different question would be presented."[1]

Fraser, not having created the defect by some positive action or through a use of the sidewalk by him independent of and apart from the ordinary and accustomed use for which sidewalks are designated, owed no duty to appellant to cure such defect.

Appellant claims that the liability of respondent Hall results from the initial construction of the sidewalk which created a duty in Hall to keep it in a safe condition for the benefit of pedestrians. She cites the cases of Cummings v. Henninger, 28 Ariz. 207, 236 P. 701, 41 A.L.R. 207; and Hippodrome Amusement Co. v. Carius, 175 Ky. 783, 195 S.W. 113, L.R.A. 1918 E. 377. While these decisions seem to sustain appellant's position, their

---

[1]The amended complaint in the present case charges only that "the defendants negligently and carelessly allowed the sidewalk * * * to be unsafe, dangerous, and defective."

facts are distinguishable from the present case. In Cummings the court held that the abutting owner (which respondent Hall was not) having maintained the walk for a number of years (which Hall did not) was charged with the duty to keep the sidewalk reasonably safe for travel. The opinion states that the case of Law v. Kingsley, 82 Hun. 76, 31 N.Y.S. 88, which absolved the abutting owner from liability "is distinguishable for the additional reason that there, after building the sidewalk, the abutting property owner assumed no further control of it."

In Hippodrome the abutting owner was allowed an extraordinary use of a sidewalk for his private convenience and injuries resulted from its failure to exercise reasonable care in connection with that use.

Even assuming that that part of the sidewalk which extended beyond the Hall property line was constructed at the instance of the Halls, it was not defective at the time of its construction, and the Halls were in no wise the cause of the defective condition that later developed, and owed no duty to the public to keep the sidewalk in repair. Headley v. Hammond Building, 97 Mont. 243, 33 P.2d 574, 93 A.L.R. 794.

Affirmed.

BADT, C. J., and BARRETT, D. J., concur.

THOMPSON, J., being disqualified, the Governor designated Honorable John W. Barrett, Judge of the Second Judicial District, to sit in his stead.