JAMES B. DUDLEY, APPELLANT, v. LOUIS PRIMA, RESPONDENT.

No. 5512

September 20, 1968 445 P.2d 31

*Stanley W. Pierce* and *Robert Farkas,* of Las Vegas, for Appellant.

*Wiener, Goldwater & Galatz,* of Las Vegas, for Respondent.

## O P I N I O N

By the Court, MOWBRAY, J.:

This is an appeal from an order granting respondent's motion, made pursuant to NRCP 50(b), to set aside a verdict and judgment based thereon in favor of appellant and to have judgment entered in respondent's favor.

On March 6, 1966, at approximately 6:20 p.m., appellant and his family were driving their pickup truck on Placid Street, a highway in Clark County. Appellant was towing a tandem horse trailer loaded with his two horses. He was traveling at the speed of 20 to 25 m.p.h. when his truck struck two unmarked water pipes 3 to 4 inches in diameter which had been placed across the road bed at a distance of about 6 feet apart. The water pipes extended from under the fence of property rented but not owned by respondent, over the roadway onto property owned by Warm Springs Country Club, Inc. When the truck struck the water pipes, the trailer became unhitched, veered to the left, overturned, and appellant's horses were thereby injured.

Appellant sued respondent for negligence in creating or maintaining the water pipes, and the jury awarded $955 in damages. Respondent, at the conclusion of appellant's case, moved for a directed verdict, which the trial judge did not grant, but "reserved for ruling." After the jury returned its verdict, respondent moved, pursuant to NRCP 50(b), to set aside the jury's verdict and judgment in favor of appellant, and asked that judgment be granted in his favor. This the trial judge did, and properly so.

The sole issue before us on this appeal is whether, in the record before the trial court, there is any substantial evidence to support the jury's verdict. Baker v. Simonds, 79 Nev. 434, 386 P.2d 86 (1963). A motion for judgment notwithstanding the verdict presents solely a question of law to be determined by the court, and the power to grant such motions should be cautiously exercised. Clarke v. Chicago & N. W. Ry. Co., 63 F.Supp. 579 (D. Minn. 1945).

As the court said in Ries v. Sanders, 34 F.R.D. 468, 470 (N.D. Miss. 1964):

"In 30 Am.Jur., Judgements [sic], § 300, pp. 354–355, cited with approval in Green v. Gulf, Mobile & Ohio Railroad Co., 244 Miss. 211, 141 S.2d 216, it is stated.

" 'In determining whether to render a judgment non obstante veredicto, the court is not justified in trespassing on the province of the jury to be the judge of all questions of fact in the case, and the party favored by the verdict is entitled to have the testimony read in the light most advantageous to him, and to be given the benefit of every inference of fact fairly deducible therefrom. Accordingly, an application for such judgment will be refused where there is evidence tending to support the verdict, or where there is a conflict of evidence, so that the jury could properly decide, either way, even though the conflict is such that the court would be justified in granting a new trial * * *.'

"A motion for a judgment notwithstanding the verdict differs from a motion for a new trial in that the court in considering a motion for a judgment notwithstanding the verdict is not free to weigh the evidence. Hamilton Foundry & Mach. Co. v. International Molders and Foundry Workers Union of North America, (6 Cir. 1952), 193 F.2d 209; Kimmel v. Yankee Lines, Inc., (D.C. Pa. 1954), 125 F.Supp. 702, affirmed (3 Cir. 1954), 224 F.2d 644. Also the fact that the court may feel that the testimony is unworthy of credit is not a proper ground for granting judgment notwithstanding the

verdict for the question of credibility of witnesses is within the jury's sole province. Thieman v. Johnson, (8 Cir. 1958), 257 F.2d 129. * * *."

It is unnecessary to cite the decisions supporting the well established rule that in determining whether the defendant is entitled to a directed verdict, the evidence must be treated as proving every fact favorable to the plaintiff's case which is established either directly or by reasonable inference. The same rule applies to a motion for a judgment notwithstanding the verdict.

Appellant sued respondent in the trial court below on the theory that respondent negligently created or maintained the water pipes crossing the roadway and that when his truck struck the pipes his horse trailer became detached, overturned, and his horses were injured.

The law is settled that a person is not liable for injuries resulting from conditions which he has not been instrumental in creating or maintaining.

As the court stated in Lucas v. St. Louis & S. Ry. Co., 73 S.W. 589, 591 (Mo. 1903):

"All of the adjudicated cases wherein a citizen has been held liable for an obstruction or nuisance in a highway have been cases where the person held liable placed the obstruction or nuisance on the highway, or was under some duty to remove it. Schweickhardt v. St. Louis, 2 Mo.App. 571; Walte-meyer v. Kansas City, 71 Mo.App. 354; Donoho v. Vulcan Ironworks, 75 Mo. 401; Wiggin v. St. Louis, 135 Mo. 558, 37 S.W. 528; Grogan v. Foundry Co., 87 Mo. 321; Merrill v. St. Louis et al., 83 Mo. 244, loc. cit. 255, 53 Am.Rep. 576; Campbell v. Pope, 96 Mo. 468, 10 S.W. 187. Of course, if one creates the nuisance, and another adopts it, and continues it, and keeps it up, as where one constructs a coal hole in a sidewalk, and another uses it and maintains it, both are liable. Merrill v. St. Louis, 83 Mo., loc. cit. 255, 256, 53 Am.Rep. 576. The general rule is thus stated in 2 Smith's Modern Law of Municipal Corporations, § 1525: 'The general rule is that the primary duty to keep highways and streets in repair rests upon the municipal corporations within whose limits they are, this duty being implied in the acceptance of a charter from the state. Such duty is not discharged by the fact that a duty is also imposed upon abutting owners to keep the

highway in repair in front of their land. A lot owner's obligation to repair streets or sidewalks does not exist at common law, but is statutory or arises from contract. It seems well settled that the neglect of an abutting owner to keep the sidewalk in repair, and to keep it free from snow and ice, as required by a city ordinance, does not render him liable to a party injured or to the city himself, *unless such owner himself caused the defect.*' (The italics are added.)" See also Major v. Fraser, 78 Nev. 14, 368 P.2d 369 (1962), and Scapecchi v. Harold's Club, 78 Nev. 290, 371 P.2d 815 (1962).

In the instant case the record shows that respondent occupied but did not own the land adjacent to where the water pipes passed over the roadway. The owner's duty in such cases has been set forth in Restatement (Second) of Torts § 349 (1965):

"A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care

"(a) to maintain the highway or way in safe condition for their use, or

"(b) to warn them of dangerous conditions in the way which, although not created by him, are known to him and which they neither know nor are likely to discover."

The record before the trial court is void of any evidence tending to establish that the respondent even knew of the existence of the water pipes until after the appellant's accident. In the absence of some substantial evidence showing that respondent either created or maintained the hazardous condition causing the accident which resulted in injury to appellant's horses, the respondent's motion to set aside the jury's verdict and to have judgment entered in his favor was well taken, and the order of the learned trial judge must be affirmed.

THOMPSON, C. J., COLLINS, ZENOFF, and BATJER, JJ., concur.