CLAIRE SHEEKETSKI AND JOSEPH SHEEKETSKI, APPELLANTS, *v.* LAURA D. LAACK BORTOLI AND ROBERT S. LAACK, RESPONDENTS.

No. 6160

October 22, 1970                    475 P.2d 675

*Sanford, Sanford & Fahrenkopf,* of Reno, for Appellants.

*Vargas, Bartlett & Dixon* and *Frederic R. Starich,* of Reno, for Respondents.

## OPINION

By the Court, MOWBRAY, J.:

Claire and Joseph Sheeketski have appealed from a jury's verdict in favor of respondents and from the district judge's orders denying appellants' motion for judgment notwithstanding the verdict and their motion for a new trial. Additionally, the appellants claim that the trial judge improperly charged the jury and that he abused his discretion in granting a 12-day recess during the jury trial.

We reject all the assignments of error as meritless, and we affirm the rulings of the district judge and the verdict of the jury.

1. *The Facts.*

On July 25, 1966, Laura D. Laack Bortoli was driving her car north on South Carson Street in Carson City. Her sister, Madlyn Laack, was sitting next to Laura, and she was holding their toy poodle, who often accompanied the sisters on their outings. Without warning, the poodle leaped from Madlyn's arms into Laura's lap. Laura swerved the car, striking the rear side of a car preceding her in the adjoining right lane, driven by Claire Sheeketski. The two vehicles stopped. Laura inquired of Claire's condition and apologized for the accident. Laura was cited for following the Sheeketski vehicle too closely and paid a $10 fine. The Sheeketskis then filed suit against Laura, seeking $50,000 general damages plus special damages to be proved at trial for alleged injuries suffered by Claire and $25,000 general damages for Claire's husband, Joseph. The jury trial commenced on July 9, 1969. At the close of all the evidence, the Sheeketskis moved for a directed verdict on the question of liability. The court reserved ruling on this motion and recessed the trial for 12 days. The trial resumed on July 23, 1969. The court denied the motion for a directed verdict, and the jury returned a defendant's verdict in favor of Laura. Thereafter, the Sheeketskis moved for a judgment notwithstanding the verdict or alternatively for a new trial, which motions the district judge denied.

2. *The Judgment Notwithstanding the Verdict.*

The standards for granting a motion for judgment notwithstanding the verdict are the same as those for granting a directed verdict. Misty Mgt. Corp. v. First Judicial Dist. Court, 83 Nev. 253, 257, 428 P.2d 196, 198 (1967); 2B Barron & Holtzoff, Federal Practice & Procedure, § 1079 at 412 (1961). This court set the standard in Bliss v. DePrang, 81 Nev. 599, 601, 602, 407 P.2d 726, 727, 728 (1965):

"When such a motion [for directed verdict] is presented, the trial court must view the evidence and all inferences most favorably to the party against whom the motion is made. On review, this court must apply the same standard. [Citations.]

". . .

". . . If the facts are disputed or if reasonable men could draw different inferences from the facts, the question is one of fact for the jury and not one of law for the court."

See also Nichter v. Edmiston, 81 Nev. 606, 407 P.2d 721 (1965); Kline v. Robinson, 83 Nev. 244, 428 P.2d 190 (1967).

Thus, a directed verdict or judgment notwithstanding the verdict is permissible only when all reasonable inferences from the facts presented to the jury favor the moving party.

The question of Laura's negligence was properly presented to the jury. The poodle had often accompanied the sisters in their vehicle. These trips had been uneventful. The jurors could draw their own inferences regarding the presence of the poodle and whether such constituted negligence on Laura's part. The district judge properly denied the motion for judgment notwithstanding the verdict.

3. *The Motion for a New Trial.*

Appellants urge that the jurors manifestly disregarded the court's instructions, because they deliberated only 75 minutes before returning a verdict. Appellants urge that the jurors did not have sufficient time to consider fully all the instructions and to consult with one another. Such a claim is wholly meritless and requires no further comment. The district judge properly denied the motion for a new trial.

4. *The Instructions.*

A.    The district judge gave the "mere accident" instruction,[1] which was proper, since the instruction fitted the facts of the case.

B.    The district judge also gave a res ipsa loquitur instruction.[2] This instruction was offered by the appellants, although it was unnecessary, because the accident was explained by the evidence. A res ipsa loquitur instruction is appropriate only when the specific acts that cause the injury are unknown to the plaintiff. See Nekuda v. Allis-Chalmers Mfg. Co., 121 N.W.2d 819 (Neb. 1963); Las Vegas Hospital Ass'n v. Gaffney, 64 Nev. 225, 180 P.2d 594 (1947); W. Prosser, Law of Torts, § 39 at 218 (3d ed. 1964). Appellants complain, however, that, although the giving of the "mere accident" instruction may not have been improper standing alone, it became an improper instruction when the judge gave the res ipsa loquitur instruction, because there is an inconsistency in the two instructions. Since appellants offered the res ipsa loquitur instruction that should not have been given, appellants may not now complain of any such inconsistency, because appellants invited the error.

---

[1]Instruction No. 24:

"The mere fact that an accident happened, considered alone, does not support an inference that some party, or any party, to this action was negligent."

[2]Instruction No. 17:

"It is a rule of law that negligence may be established without proof of specific acts or omissions. This is based on a special doctrine of the law which may be applied only under special circumstances, they being as follows:

"First:    The fact that some certain instrumentality by which injury to the plaintiff was proximately caused, was in the possession and under the exclusive control of the defendant at the time the cause of injury was set in motion; it appearing on the face of the event that the injury was caused by some act or omission incident to defendant's management.

"Second:    The fact that the accident was one of such nature as does not happen in the ordinary course of things, if those who have control of the instrumentality use ordinary care.

"Third:    The fact that the circumstances surrounding the causing of the accident were such that the plaintiff is not in a position to know what specific conduct was the cause, whereas the one in charge of the instrumentality may reasonably be expected to know and be able to explain how the accident was caused, or at least be able to show that no failure of duty on his part was a cause."

C. Appellants next urge that the district judge erred in refusing to give an "efficient intervening cause" instruction, which appellants offered.[3] Frankly, we have a difficult time with the transition of appellants' argument. Normally, a plaintiff tries to show by the evidence that it is defendant's negligence that caused the injuries complained of. It is difficult to fathom how a plaintiff could assign error to a judge's refusal to give an instruction that, if given and followed by the jury, would preclude plaintiff's recovery and result in a defense verdict.[4]

### 5. *The 12-Day Recess.*

Appellants contend that they were prejudiced by the 12-day recess of the trial after the completion of their case in chief. They fail to show any prejudice, and they cite no authority for their complaint that the district judge abused his discretion by granting the recess. While it is desirable that trials, once commenced, particularly jury trials, continue without interruption, which is the general practice, we fail to find any prejudice to either party in the instant case.

We affirm the rulings of the district judge, and the jury verdict, in favor of the respondents.

COLLINS, C. J., ZENOFF and THOMPSON, JJ., and WILKES, D. J., concur.

---

[3]Appellants' proposed Instruction No. 5:

"An efficient intervening cause which would be sufficient to break the chain of natural consequences producing the injury complained of must occur after the negligent act complained of and before the injury complained of. That is, in order to have such an intervening cause, the party asserting that cause must show that the cause supersedes a prior negligent act as the proximate cause of the injury by breaking the sequence between the prior wrong and the injury.

"In addition, the person asserting an intervening cause must show that the intervention of a new and independent cause was neither anticipated nor reasonably foreseeable by the person.

"If the intervening or efficient cause is not a superseding cause, negligence may be established even though the intervening cause contributes to the injury for the reason that negligence is a concurrent cause of the injury complained of."

[4]If the appellants-plaintiffs tried to prove that the dog was an "intervening cause", then the respondent-defendant would not be liable.