NEAL A. HERNDON and BERYL HERNDON, APPELLANTS, *v.* ARCO PETROLEUM COMPANY, A NEVADA CORPORATION AND CURTIS A. KNUDSEN, RESPONDENTS.

No. 7574

June 18, 1975

536 P.2d 1023

*C. B. Tapscott* and *Erickson & Thorpe,* of Reno, for Appellants.

*Hibbs & Bullis, Ltd.,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, J.:

This appeal from summary judgment for defendants Arco Petroleum Company and Curtis A. Knudsen presents this issue: Is an abutting property owner who makes special use of a sidewalk under a duty to maintain the portion thereof put to special use in a reasonably safe condition for pedestrians?

One of the plaintiffs, Neal A. Herndon, broke his hip and leg when he slipped on an icy portion of the private driveway of the Arco service station which crosses a public sidewalk. According to his affidavit offered in opposition to the defendants' motion for summary judgment, vehicular traffic going in

or out of the service station altered the snow and ice conditions which existed, and "an inadequate attempt had been made to clear a small pathway through the snow and ice although other sidewalks in the immediate area were completely cleared and free of any ice or snow."

In granting summary judgment to the defendants, the district court relied primarily upon the opinion of this court in Major v. Fraser, 78 Nev. 14, 368 P.2d 369 (1962). We there noted and approved the common law rule that an abutting property owner or occupant is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition, and since the defendant did not create a defect by some positive action or through a use of the sidewalk independent of and apart from the ordinary use thereof, he was not liable to the plaintiff who fell and was injured. However, in the *Major* case, we especially mentioned that the defect "was not due to any special use of the property by Fraser, but to pedestrian use and the weather only." Id. 16.

In the case at hand, the defendants made special use of the portion of the driveway over the public sidewalk where Neal Herndon claims that he slipped and fell. Moreover, it apparently is his contention that the hazard he encountered was not the result of a natural accumulation of ice and snow, but, rather the consequence of vehicular traffic by the defendants, employees of the defendants, or their customers. These special circumstances, if established to the satisfaction of the finder of facts, could justify a finding of negligence sufficient to warrant recovery. Franzen v. Dimock Gould & Co., 101 N.W.2d 4 (Iowa, 1960). An abutting property owner or occupier is, in our view, under a duty to maintain that portion of a public sidewalk put to his special use in a reasonably safe condition for pedestrians if that special use by the defendants or its customers creates the hazard.

The reliance by the court below upon Major v. Fraser, supra, was misplaced. On the record before us a genuine issue of material fact exists and summary judgment should not have been granted. Rogers v. Tore, Ltd., 85 Nev. 548, 459 P.2d 214 (1969).

Reversed and remanded for trial.

Gunderson, C. J., and Batjer, Zenoff, and Mowbray, JJ., concur.