Allen C. WINTERS, Plaintiff and Appellant,

v.

W. S. HATCH COMPANY, INC., et al., Defendants and Respondents.

Allen C. WINTERS, Plaintiff and Respondent,

v.

W. HATCH COMPANY, INC., et al., Defendants and Appellants.

Nos. 13997, 14053.

Supreme Court of Utah.

Feb. 11, 1976.

---

D. Gilbert Athay of Athay, Bown & Van Sciver, Salt Lake City, for Winters.

Jay E. Jensen, of Christensen, Gardiner, Jensen & Evans, Salt Lake City, for W. S. Hatch Company, Inc. and others.

TUCKETT, Justice:

The plaintiff filed his action in the district court of Salt Lake County wherein he seeks to recover for injuries he sustained in the collision of two large trucks. The plaintiff was the driver of one of the vehicles involved in the collision. The issues of negligence on the part of the defendant and contributory negligence on the part of the plaintiff were submitted to a jury empanelled to hear the case. The court submitted the issues on special interrogatories. The findings of the jury were to the effect that the defendant was guilty of negligence in the operation of its vehicle, to which all of the jurors concurred. Six of the jurors found that the plaintiff was not guilty of negligence which proximately caused his own injuries. The court entered judgment upon the verdict and thereafter, on motion of defendant, granted judgment notwithstanding the verdict in favor of the defendant. The judgment does not specify the grounds or reasons for the court's action.

The accident out of which these proceedings arose occurred on February 9, 1971, upon Interstate 80, about 24 miles east of Reno, Nevada. The plaintiff was employed by F & D Truck Lines. At the time, he was driving a semi, consisting of tractor and trailer loaded with concrete pipe. The Hatch vehicle consisted of a semi-tractor pulling two tankers loaded with caustic soda. Both vehicles were eastbound.

At the place of the accident, Interstate 80 consisted of two eastbound traffic lanes and two westbound traffic lanes, separated by a median strip. Near the point of the collision, there was a truck stop with an exit and an on ramp adjacent to the eastbound traffic lanes. The defendant's vehicle had stopped, and immediately prior to the collision, it proceeded slowly from the parking area and onto the freeway. The vehicle being operated by the plaintiff approached from the west and was proceeding at a speed of between 60 and 70 miles per hour when it collided with the rear of defendant's tanker which had attained the speed of less than 25 miles per hour. The defendant's driver testified that he looked toward the west but did not see the lights of the plaintiff's truck. Plaintiff was under the impression that he had passed another vehicle immediately prior to the colli-

sion, but his memory was somewhat vague due to his injuries which rendered him unconscious, and he remained in that condition for a period of approximately five days. The collision occurred during the hours of darkness, and the evidence shows that the headlights of both vehicles were lighted. There were few obstructions to the views of the drivers, and the highway was straight for approximately one mile west of the point of impact.

A patrolman of the Nevada Highway Patrol testified that prior to trial, he, with the aid of others and two tankers similar to the defendant's vehicle involved in the collision, re-enacted the movements of the vehicles and attempted to simulate as near as possible the movements of the vehicles involved in the collision. He testified there was a segment of the highway to the west of the accident scene where the view of the driver of the rear vehicle was obstructed when the leading vehicle was in motion. The experiment was conducted twice, and the results ·were similar. An expert in the reconstruction of accidents was called as a witness and from the physical factors at the scene of the collision, as well as photographs and facts he determined after talking with other drivers and examining reports filed with the Highway Patrol, testified as to the location on the highway of the point of impact and the course each vehicle was traveling prior to the impact.

■ The sole issue before the court on this appeal is whether the record discloses any substantial evidence to support the· verdict of the jury. A motion for judgment notwithstanding the verdict presents solely a question of law to be determined by the court. In passing on a motion of this kind, the court is not justified in trespassing in the province of the jury in its prerogative to judge all questions of fact in the case. The court is not free to weigh the evidence, and the weight of the evidence and the credibility of the witnesses are within the jury's sole province. In considering a motion for judgment notwithstanding the verdict, the trial court must view the evidence most favorably to the party against whom the motion is made. This court must apply the same standards in its review of the case.[1] The laws of Utah and Nevada are similar in these respects.

■ Careful examination of the record leads us to the conclusion that there was substantial evidence upon which the jury could base its verdict. The matter is reversed and remanded to the district court with instructions to reinstate the jury's verdict. Appellant is entitled to costs.

HENRIOD, C. J., and CROCKETT and MAUGHAN, JJ., concur.

ELLETT, Justice (dissenting).

I am unable to agree that the trial court erred in granting a judgment notwithstanding the verdict. There is no way for the plaintiff's driver to run into the Hatch truck without being guilty of negligence.[1] Hereafter plaintiff and his driver will be referred to as plaintiff and Hatch and his drivers as defendant.

Defendant had stopped at a truck rest stop and after inspection had proceeded along the ramp to enter the freeway. This ramp was 1,400 feet long and practically parallel with the freeway. Defendant's truck was 58 feet long, 8 feet wide, and 9 feet high, and was fully lighted both front

1. *Holland v. Brown*, 15 Utah 2d 422, 394 P. 2d 77; *Schow v. Guardtone, Inc.*, 18 Utah 2d 135, 417 P.2d 643; *Koer v. Mayfair Markets*, 19 Utah 2d 339, 431 P.2d 566; *Dudley v. Prima*, 84 Nev. 549, 445 P.2d 31; *Sheeketski v. Bortoli*, 86 Nev. 704, 475 P. 2d 675.

1. Comparative negligence is not involved herein and contributory negligence is a defense to the action.

and rear. It was loaded with liquid cargo and the speed had to be slowly increased because of the baffles inside the cargo tank. It attained a maximum speed of 23 miles per hour as it entered the freeway and after it had traveled 190 feet down the right-hand lane it was struck from the rear by plaintiff's truck which was, and had been, traveling at a speed of 70 miles per hour.

The plaintiff had been driving his truck for three days without a relief driver. He had covered approximately 2,400 miles and had driven from 13 to 17 hours per day. Whether he suffered from fatigue or was asleep or simply inattentive to his driving does not matter as he cannot be held free from negligence in either case.

There were gouge marks in the surface of the freeway made by a part of plaintiff's truck which showed that immediately after impact it was veering to the right.

There were two eastbound lanes on the freeway at the place in question and the collision occurred in the right-hand·lane. It thus appears that the plaintiff was in the left-hand lane and struck defendant's truck by veering to the right into the lane in which defendant's truck was traveling.

The plaintiff never did see defendant's truck until after impact, and how the jury could fail to find him negligent is beyond my understanding.

The obstruction mentioned in the prevailing opinion as having been testified to by the highway patrol officer was a sign which denoted the truck stop exit. That sign was more than 1,000 feet west of the point of impact, and could not have had any bearing on the failure to see the Hatch truck.

In my opinion the trial court was correct in ruling as he did and he should be affirmed.