JOANNE K. CLEVELAND, Appellant, *v.* BALLY DISTRIBUTING COMPANY, Respondent.

No. 10578

June 18, 1980                                        612 P.2d 684

*Leonard T. Howard, Sr., Chartered,* Reno, for Appellant.

*Erickson, Thorpe & Swainston, Ltd.,* Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Contending that the trial court erred in granting respondent judgment n.o.v., appellant seeks either additur or a new trial.

Appellant sustained injuries when two slot machines, leased by respondent to appellant's employer, fell forward and struck her.[1] A jury returned a verdict approximately in the amount of her hospital bill. The trial court entered judgment n.o.v., concluding that respondent Bally Distributing Company owed appellant no duty. We affirm.

---

[1] Appellant pursued her remedies against the Gold Club under applicable provisions of the Nevada Industrial Insurance Act.

In 1968, the Gold Club leased slot machines from respondent. The lease agreement provided the respondent would help maintain the machines, and the Gold Club would employ a mechanic to work on them. In 1969, a new agreement nullified the 1968 agreement. The 1969 lease was silent as to installation, maintenance or repair. After 1969, the Gold Club employed its own slot machine repairmen. Respondent's repairmen assisted only when club employees failed in their repair efforts. The machines stood on stands supplied to the Gold Club by third parties.

Approximately four months before appellant's accident, Gold Club employees unbolted and removed slot machines from the casino. After the casino floor was recarpeted, club employees returned the machines. A club employee testified that he had not rebolted the slot machines "back to back." Had he done so, the accident could not have occurred. The slot machines which fell on appellant were not defective.

In determining whether judgment n.o.v. was proper, we deem all facts favorable to the appellant's case as proved, which are established either directly or by reasonable inference. Dudley v. Prima, 84 Nev. 549, 445 P.2d 31 (1968). Nonetheless, a person is not liable for injuries resulting from conditions which he has not been instrumental in creating or maintaining, *id.,* and without a duty owed to appellant there can be no actionable negligence. Turney v. Sullivan, 89 Nev. 554, 516 P.2d 738 (1973).

Appellant predicates her theory of liability on testimony that respondent's repairmen continued to work on the leased machines after execution of the 1969 lease agreement. Appellant argues that respondent had a continuing duty under the 1968 agreement to maintain the machines and should be held liable for failing to correct the dangerous condition created by the Gold Club. Appellant argues, in the alternative, that the respondent had assumed a duty to correct an unstable slot machine.

We do not believe the evidence supports a reasonable inference that respondent contracted to inspect and correct placement of slot machines in the casino, nor do we believe the evidence supports a reasonable inference that respondent had assumed a duty to do so. Further, the mere fact that a Bally repairman knew a slot machine was unstable does not impose

liability upon respondent.[2] Giving appellant the benefit of all reasonable inferences, the evidence showed that a club employee, at some time in the relevant four months, told an unidentified Bally repairman that slot machines in the club were unstable. This is not sufficient basis upon which to impute knowledge of a dangerous condition to respondent. *Cf.* Reid v. Royal Insurance Co., 80 Nev. 137, 390 P.2d 45 (1964) (employee was definitely informed of a defect and his knowledge was imputed to the employer). Appellant's argument that respondent created the dangerous condition, and that Gold Club simply allowed it to continue, is not supported by the record. In our view, the Gold Club was solely liable for appellant's injuries.

Having concluded the trial court correctly determined that respondent owed no duty of care to appellant, we need not consider further assignments of error.

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.

---

[2]Restatement (Second) Agency, § 232, Comment a (1958) provides in part:

"a. *Necessity of duty of action by servant.* In order that the failure of a servant to act can constitute conduct within the scope of employment, for which the master is responsible, the servant must have duties to perform at the time and the master must owe to the person injured a duty that the servant should act. It is not enough that the servant is authorized to act in the service at the time. . . ."