Rose, J.,
dissenting:
The majority has missed the opportunity to adopt a rule that would conform with a business consumer’s expectations and would examine the reasonableness of the actions of a business and its injured patron, whether the accident occurs on the business property or the immediately adjacent sidewalk.
For decades, Nevada has held to the rule that an abutting owner has no duty to keep the sidewalk immediately in front of his or her property in a reasonably safe condition. Major v. Fraser, 78 Nev. 15, 368 P.2d 369 (1962). While still the majority rule in the United States, I would prefer to have a less definitive rule that permits the consideration of the reasonableness of the landowner’s and injured patron’s actions or omissions whether the injury occurs on or immediately adjacent to the business property. In ascertaining landlord liability, we have discarded the use of the status that a person occupied when on a business’s property in favor of a test which looks to the reasonableness of the actions of the landlord and the injured party. Moody v. Manny’s Auto Repair, 110 Nev. 320, 871 P.2d 935 (1994). I see no reason why this same approach cannot be taken with injuries occurring on property immediately adjacent to a business when used by patrons of that business. Such an approach has been taken by two state court jurisdictions, New Jersey and Pennsylvania. Stewart v. 104 Wallace Street, Inc., 432 A.2d 881 (N.J. 1981); Starr v. Philadelphia, 159 A.2d 10 (Pa. Super. Ct. 1960).
*1273 Since the majority of this court has no appetite to change the landlord’s “no duty” rule espoused in Fraser, I would recommend that we keep it as a general rule, but recognize several exceptions. First, I would impose that duty on an owner whenever it is required by the municipal law where the land is located. Second, I would require a landowner or occupier who is conducting a business on the property to keep in reasonably safe condition the property immediately adjacent that is used for egress and ingress by the business patrons. This would be the same standard used in Moody for the property owned by the business, but extended to immediately abutting property used by the patrons. It would not be as expansive as the New Jersey rule because it would include only injuries on property immediately adjacent and used for business access by the patrons. I would classify a business and its customers as a sufficiently special relationship or situation to justify an exception to the “no duty” general rule.
I do not believe that adopting the New Jersey approach or recognizing the above exceptions to the general rule would impose an undue burden upon a business; such action would meet the reasonable expectations of the business patron. Most business owners are required to keep the sidewalks adjacent to their building in a safe condition by municipal ordinance. Good business practice and self-interest would also motivate a business to keep the area of egress and ingress safe and accessible to the public. Imposing civil liability on a business for failing to keep an area of public access immediately adjacent to the business reasonably safe would only be recognizing the owner’s legal obligation and what a good business should do in its own self-interest. In the instant case, the Colonial undertook the task of clearing the snow from the sidewalk when necessary, but was tardy in doing it on the day of the accident. It certainly realized the benefits of keeping the entrance cleared for patrons.
The consumer entering a business often does not know where municipal ownership ends and the business property begins. Many casinos incorporate the municipal sidewalk into their own entrance design, and the entrance is an important tool to attract patrons. Usually businesses operating in a shopping center have a pad upon which the business structure is built. While the entrance and the parking lot may appear to be the property of the business, it is usually that of the shopping center owner or the tenants’ association. Most consumers would be at a loss to identify exactly when they have entered the casino or food market’s property. But one thing they do expect is that the business will keep reasonably safe those areas of access, whether owned by a municipality, the shopping center or the business.
I would adopt the New Jersey rule or the above stated excep *1274 tions to our “no duty” rule, and remand this case to the district court to determine if Colonial had actual or constructive notice of an unsafe condition on the sidewalk immediately adjacent to its property that was used by patrons and failed to take appropriate action, and whether that unsafe condition proximately caused Wiseman’s injuries.