[No. 2319]

## STATE OF NEVADA, EX REL. ANTHONY JURICH, PETITIONER, *v.* C. J. McFADDEN, JUDGE OF THE NINTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR WHITE PINE COUNTY, RESPONDENT.

[182 Pac. 745]

1. MOTIONS—TRIAL—RESETTING OF CASE—NOTICE.
   If considered as a motion, within the meaning of civil practice act, sec. 5362, and rule 10 (Rev. Laws, 4942) of the district courts, an application to reset a case for trial on an earlier date than that fixed should be denied, where the five days' notice required in case of motions was not given, and the action of the court in granting the motion, of which no notice at all was given, although defendant was present in court at the time the application was made, cannot be sustained on the ground that the courts have inherent power to regulate their own docket and control their own business.

2. TRIAL — SETTING OF CASE FOR TRIAL — RESETTING — WAIVER OF ERRORS.
   Where defendant was present in court at the time plaintiff's counsel applied to reset the case for trial on an earlier date than that originally fixed, and defendant resisted the application solely on the ground that the court was without authority to order the case, which was on the jury calendar, to be tried before a special venire, and that he was entitled to trial before the regular panel, there was a waiver of the failure of the applicant to give the five days' notice required in case of motions.

3. CERTIORARI—REVIEW—HARMLESS ERROR—JURY.
   Where trial court directed a verdict, that defendant was erroneously compelled to go to trial before a special venire was harmless.

4. JURY—JURY TRIAL—SPECIAL VENIRE.
   Under Rev. Laws, 4940, declaring that it shall be in the
   discretion of the court, with the consent of all parties litigant,
   either to draw the names of the jurors from the box, as pro-
   vided in the act, or to issue an open venire directed to the
   sheriff, etc., the court is without authority to order a special
   venire, which is unknown to the statute law, to try a case
   over the exceptions of one of the parties.

5. CERTIORARI—TRIAL—PROVINCE OF COURT—DIRECTION OF VERDICT.
   The trial judge, in the exercise of sound discretion, may in
   a proper case direct a verdict, and, though the direction of
   verdict be improper, it is not within the jurisdiction of the
   court so as to be reviewable on certiorari; and this is so,
   though there was no mode of review in particular case.

ORIGINAL PROCEEDING in certiorari by the State of Nevada, on the relation of Anthony Jurich, against C. J. McFadden, Judge of the Ninth Judicial District Court of the State of Nevada, in and for White Pine County. On motion to quash writ. **Motion sustained, and proceeding dismissed. Rehearing denied.**

*A. Jurich* and *H. W. Edwards,* for Petitioner:

The judgment of the lower court is in excess of jurisdiction and a proper subject for the writ of certiorari. Radovich v. W. U. T. Co., 36 Nev. 343; Floyd v. District Court, 36 Nev. 349; State v. District Court, 147 Pac. 612; Miller v. Superior Court, 144 Pac. 978.

The case having been regularly set, the court had no power to act further in the matter, unless properly brought before it. A motion, which must be in proper form and supported by affidavit or other proof, is necessary. Rev. Laws, 5362; Rule 10, Dist. Court. Failure to comply with the rule makes it the duty of the court to deny a motion. Symons-Kraussman v. Liquor Co., 32 Nev. 242; Lightle v. Ivancovich, 10 Nev. 41; Haley v. Bank, 20 Nev. 410.

The mode of selection and formation of a regular jury is prescribed by statute. A special jury may be had only with the consent of all parties to the action. Rev. Laws, 4940. Where consent is not given, the regular jury should try the case. 24 Cyc. 258. In the selection of a special jury the law must be strictly complied with. Railroad v. Shane, 157 U. S. 348.

Respondent directed the jury to bring in a verdict against relator, which was equivalent to a denial of a jury trial, and the deciding of a question of fact by the court. Rev. Laws, 5199; Const. Nev. art. 7; Treadway v. Wilder, 12 Nev. 108.

*Chandler & Quayle,* for Respondent:

The inquiry is restricted to the question of jurisdiction. Rev. Laws, 5684, 5690; Maynard v. Bailey, 2 Nev. 313; In Re Wixom, 12 Nev. 219. The district courts have final appellate jurisdiction in cases arising in justice courts. Const. Nev. sec. 6, art. 6. On certiorari the inquiry is limited to determining whether the inferior tribunal has exceeded its jurisdiction. Paul v. Armstrong, 1 Nev. 82; Maynard v. Bailey, 2 Nev. 313; State v. Washoe County, 5 Nev. 317; Maxwell v. Rives, 11 Nev. 213; Phillips v. Welch, 12 Nev. 158; State v. District Court, 16 Nev. 76; Chapman v. Justice Court, 29 Nev. 154; Fitchett v. Henley, 31 Nev. 326; State v. Breen, 173 Pac. 555. "An erroneous judgment rendered by a court having jurisdiction to render it cannot, merely because it is erroneous, operate as the basis for a writ of review." Cam v. District Court, 170 Pac. 409.

The trial court has inherent power to take such steps and make such orders as may be necessary to the dispatch of its business, and the disposition of causes pending on its docket, and to that end may, of its own motion, set or reset a case for trial. Cochrane v. Parker, 12 Colo. App. 170; Union Brewing Co. v. Cooper, 60 Pac. 946. The fixing of a time for trial is necessarily within the discretion of the court. McLeod v. District Court, 157 Pac. 649; Ranson v. Leggett, 90 S. W. 668; Bonney v. McClelland, 85 N. E. 242; Linderman v. Nolan, 83 Pac. 796. The court has inherent right to control its own calendar. Smith v. Keepers, 66 How. Pr. 474.

If notice of motion to reset the case was necessary, petitioner waived such notice by his presence in court. 19 R. C. L. 674; McLeran v. Shartzer, 5 Cal. 70; Reynolds v. Harris, 14 Cal. 668; Curtis v. Walling, 18 Pac.

54; Acock v. Halsey, 27 Pac. 193; Herman v. Santer, 37 Pac. 509; Woodward v. Brown, 51 Pac. 2; Lellman v. Mills, 87 Pac. 985; Bohn v. Bohn, 129 Pac. 981.

If the court exceeded its jurisdiction in ordering the open venire, and if relator had any real objection to trying the case before such a jury, he could have prevented the trial by securing a writ of prohibition. Rev. Laws, 5708, 5710. A party is not entitled to the writ if he fails to exercise diligence in protecting his interests. 11 C. J. 111; Kootenai County v. Board, 169 Pac. 935; Palmer v. Railroad Commission, 138 Pac. 997.

The court had jurisdiction of the parties and of the subject-matter, and had the power to hear and determine a motion for a directed verdict. 38 Cyc. 1563; Oscanyan v. Winchester, 103 U. S. 261. The power in no way infringes the constitutional right of trial by jury. 24 Cyc. 193.

By the Court, SANDERS, J.:

This is an original proceeding in certiorari, growing out of the following facts:

Bill Margeas brought an action in the justice's court of Ely Township No. 1, White Pine County, Nevada, against Anthony Jurich, to recover the sum of $100. Anthony Jurich, who is an attorney at law, answered in proper person, and, in addition to resisting the demand of the complaint, set up a counter-claim for $55. The justice of the peace rendered judgment for costs in favor of Jurich, but denied recovery on his alleged counter-claim. Margeas appealed to the district court, where Jurich demanded a jury trial. On September 8, 1917, the cause was set for trial on October 16, 1917, at which time a regular jury panel was to be in attendance. On September 18, 1917, Jurich and one of the firm of attorneys for Margeas being present in court in connection with other matters, the following proceedings were had in connection with the case of Margeas v. Jurich:

"Mr. Quayle (attorney for Margeas)—I wish to ask with reference to the case of Bill Margeas against

Anthony Jurich—I wish to ask if it is possible, in view of
Mr. Margeas having qualified and being subject to call
at any time to the draft, if we cannot in that case agree
upon a special venire so that that can be tried. Mr.
Jurich has demanded a jury trial and it is very doubtful
if Mr. Margeas will be here in October, when the regular
venire will be in attendance, and if that case can be tried
early next week we will be able to have a conclusion
before Mr. Margeas goes away to war.

"Mr. Jurich—The case has been set regularly before
the regular jury, and I insist on it being tried in the
regular way.

"The Court—Well, he has been drafted and he is going
to answer the call of his country, and he has a right to
have this civil business disposed of. I will set it for
next Wednesday morning for a special venire at 10
o'clock, September 24.

"Mr. Jurich—Let the record show that I object to the
court resetting the case, and having demanded a jury
trial and the case having been set in the regular way
that I want to try the case before the regular jury; and
at this time I do not consent, but object, to the special
venire.

"The Court—The objection will be overruled and the
venire will be issued.

"Mr. Jurich—Take an exception."

The case was tried before the district court with a
jury on September 24, 1917, and at the conclusion of
the testimony counsel for Margeas moved the court to
direct the jury to find a verdict in favor of the plaintiff
for $95. Upon the conclusion of the argument the court
granted the motion, and the defendant excepted. The
jury were then recalled into the jury box, whereupon
the court stated:

"Gentlemen of the jury, during the recess of the
court a motion was made by the plaintiff for a directed
verdict, and the court has the power and control over
the verdicts in civil cases. That motion is granted, and
you are instructed to bring in the following verdict:

'We, the jury duly sworn and impaneled to try the issues in this case, find for the plaintiff in the sum of $95. Dated September 24, 1917.' Have your foreman sign that and return it into court."

Mr. Jurich excepted to the instruction and the verdict, on the ground and for the reason that under the law and the evidence in the case the court had no such power.

"The Court—You may raise that by motion to set aside the verdict.

"Mr. Jurich—Well, at this time I ask the court for my right under the constitution to argue this case to the jury.

"The Court—It will be denied.

"Mr. Jurich—Take an exception to that. Then I ask the court at this time to give the case to the jury to decide.

"The Court—I have overruled that already, so that it will be the same ruling.

"Mr. Jurich—Take an exception."

Thereupon the officers were sworn and took charge of the jury, who retired to deliberate on their verdict. Thereafter the jury returned into court.

"The Court—Gentlemen, have you the verdict that I handed you signed by your foreman?

"Foreman—Your honor, the jury wishes to know if it is compulsory on their part to render their verdict, or can they make another verdict?

"The Court—No, you have to render the verdict the court instructs you under instructions; you have to follow the instructions.

"Mr. Jurich—I take an exception to the court instructing the jury.

"The Court—The exception may be noted. You may retire again and return signed that verdict that I have directed."

Thereupon the jury again retired to deliberate, thereafter returning into court.

"The Court—Have you a verdict, gentlemen of the jury?

"Foreman—Yes, sir.

"The Court—The clerk may read the verdict."

The verdict as read was in the words and figures as that directed by the court. Thereupon, at the request of defendant, the clerk polled the jury on said verdict, eleven jurors answering that the foregoing was their verdict, and one juror answering no, that it was not his verdict.

"Mr. Jurich—I would like thirty days' stay.

"The Court—I will give you thirty days. Gentlemen, you will be excused from any further deliberation of the case."

Judgment was entered on the verdict rendered. Subsequently, defendant, having no remedy by appeal, filed in this court his petition for a writ of certiorari, claiming that the respondent exceeded his jurisdiction and refused to regularly pursue his authority. The writ was issued, and in response thereto the record is now before this court for review.

Respondent, in addition to his answer and return, has moved to quash and dismiss the writ, on the ground that the petition does not state facts sufficient to warrant its issuance. By stipulation both the motion to quash and the hearing on the merits are to be considered together and the case submitted on briefs.

The relator contends that the district court exceeded its jurisdiction in three particulars: (1) In resetting the case for trial; (2) in ordering a special venire; (3) in directing a verdict for plaintiff. These will be discussed in their order.

1, 2. (1) If the application to reset the case for trial on an earlier date than as originally fixed by the court, out of favor to the plaintiff, is to be regarded or considered as a motion, within the meaning of the civil practice act relative to motions, and rule 10 of district courts (sections 5362 and 4942 of the Revised Laws), confessedly the application was not in accordance with the statute or the said rule as to the requirement that

such motion must be noticed at least five days before the date specified for a hearing.  Attempt is made to maintain the action of the court upon the ground that courts have inherent power to regulate their own docket and control their own business.  This position is not tenable in face of the explicit and unconditional direction of the statute and said rule of court.  But, as the record shows that the defendant was present and resisted the application, on the ground only that the court was without authority to order the case to be tried before a special venire and his right to a trial before the regular panel, this constituted a waiver of the formal defects of the application.  Granger v. Sherriff, 133 Cal. 419, 65 Pac. 873; Garrett v. Wood, 24 App. Div. 620, 48 N. Y. Supp. 1002.  That such defects could be waived is amply supported by authority.  19 R. C. L. 674.

3, 4.  (2) Conceding that the district court, out of favor to the plaintiff, arbitrarily reset the case for an earlier date before a "special venire," without the consent of the defendant and over his objection, we cannot see the relevancy of the defendant's exception to the act of the court; for, since the court directed a verdict for the plaintiff, it was not the voluntary act of the jury, and the irregularity complained of seems wholly immaterial. The jury was bound to comply with the direction of the court, apart from their personal views on the questions before them.  Cook v. White, 43 App. Div. 388, 60 N. Y. Supp. 153.  The relator could in no sense be said to be prejudiced or injured by the trial of his case before a "special venire" that did not and could not act on his case.

For the benefit of future cases we deem it essential to announce that there is no such thing in this state as a "special venire," and that the statute (Rev. Laws, 4940), which in explicit and unconditional terms provides:

" * * * And it shall at all times be in the discretion of the court, with the consent of all parties litigant to the action or actions to be tried thereby, either to draw

the names of the jurors from the box, as in this act provided, or to issue an open venire directed to the sheriff, requiring him to summon    *    *    * "
—is mandatory.

The court had neither jurisdiction, power, nor authority to order an open venire to try the case without the consent of the defendant, notwithstanding the exigency of the plaintiff's situation.   To hold otherwise would defeat the purpose of the statute and operate to deprive a litigant of the benefit of a trial of his cause before a regular panel of jurors.   This may not be done without his consent.

5.. (3) It is conceded, or must be conceded, that by the weight of authority the trial judge, in the exercise of sound discretion, may in a proper case direct the verdict. 38 Cyc. 1563.   The principle is also well settled that certiorari will not lie to review the exercise of discretion on the part of courts or officers.   2 Bailey on Jur., sec. 436a.    And in this jurisdiction, where the writ only issues to review jurisdictional defects in proceedings by organized courts or other tribunals acting judicially, the question of discretion or its abuse does not arise.   In Re Wixom, 12 Nev. 219.   The court in this instance, in directing the verdict it did, may have abused its discretion, its action may have afforded good grounds for a new trial, but there is nothing in the return to the writ to show that the trial court departed from any express provision of law or some prescribed rule of procedure, or that it exceeded its jurisdiction in directing the verdict.

But the argument is earnestly advanced that as the case is nonappealable this court will review the evidence to determine whether the directed verdict should be sustained.   The fact that the case is nonappealable is convincingly answered by Chief Justice Hawley in the case of Phillips v. Welch, 12 Nev. 175.   This case also holds that the hardship of the case, even if conceded to exist, cannot be considered, and quotes in this connec-

tion from the Supreme Court of the United States (Ex Parte Kearney, 7 Wheat. 45, 5 L. Ed. 391) :

"Where the law is clear, this argument can be of no avail. * * * Wherever power is lodged, it may be abused. But this forms no solid objection against its exercise. Confidence must be reposed somewhere; and if there should be an abuse, it will be a public grievance, for which a remedy may be applied by the legislature, and is not to be devised by courts of justice."

The cases of Radovich v. W. U. Tel. Co., 36 Nev. 344, 135 Pac. 920, 136 Pac. 704, Floyd v. District Court, 36 Nev. 349, 135 Pac. 922, Wong Kee v. Lillis, 37 Nev. 5, 138 Pac. 900, are cited by the relator in support of the proposition that this court, on certiorari in a nonappealable case, will examine and weigh the evidence to determine whether a ruling on an essential question of law that goes to the right of the defendant to maintain his defense, is sustainable from the evidence. While certain sweeping expressions are found in the reasoning of those cases that open the door to such argument, we do not think any one of the cases goes to the extent as contended for by the relator. The irregularities discussed and ruled upon in those cases showed an obvious departure from some prescribed rule of procedure, and consisted of the omission on the part of the trial judge to do something that was necessary for the orderly conduct of the case, or doing it at an unreasonable time and in an improper manner. But here we are asked to review and weigh evidence, not to determine whether the court departed from some express rule *of procedure or exceeded its jurisdiction, but to say that the court committed palpable error and a moral wrong in arbitrarily directing a verdict against the relator. This cannot be done in a proceeding of this character.

It is earnestly insisted that as the issue was one purely of fact the effect of the directed verdict deprived the relator of his statutory and fundamental right to have that issue tried before a jury. The authorities do not

sustain this proposition. 38 Cyc. 1563; 24 Cyc. note 40, 193; Hawke v. Hawke, 82 Hun, 439, 31 N. Y. Supp. 968.

The motion to quash the writ must be sustained, and the proceeding dismissed.

It is so ordered.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.