AD–ART, INC., A California Corporation, Appellant,
v. JACK DENISON and ALIBI ROOM, INC., A
Nevada Corporation, Respondents.

No. 8924

February 15, 1978                              574 P.2d 1016

*Roger L. Wright,* Reno, for Appellant.

*Smith & O'Brien,* Las Vegas, for Respondent, Jack Denison.

*Embry, Shaner and Lang,* Las Vegas, for Respondent, Alibi
Room, Inc.

## OPINION

*Per Curiam:*

The sole issue presented in this appeal is whether appellant's
action was "brought to trial" within the five-year limitation
prescribed by NRCP 41(e).[1]

Appellant sought damages arising from respondents' alleged
breach of contract. Within five years of the date the action was
filed a trial was commenced and appellant called three wit-
nesses before the district court declared a mistrial. Subse-
quently, after numerous continuances, respondents moved for

---

[1]NRCP 41(e) provides, in pertinent part: "Any action heretofore or here-
after commenced shall be dismissed by the court in which the same shall have
been commenced or to which it may be transferred on motion of the defend-
ant, after due notice to plaintiff or by the court upon its own motion, unless
such action is brought to trial within five years after the plaintiff has filed his
action, except where the parties have stipulated in writing that the time may be
extended."

a dismissal of the action for want of prosecution. The district court granted respondents' motion on the ground "the . . . action was not brought to trial within five years after . . . filing."

We have previously held that NRCP 41(e) is clear and unequivocal: any action not brought to trial within five years must, upon proper motion, be dismissed. *See* Thran v. District Court, 79 Nev 176, 380 P.2d 297 (1963). Respondents contend the mistrial was the equivalent of no trial at all, and therefore, since the five-year limitation expired before further trial proceedings were commenced, the action was not "brought to trial" within the prescribed limitation. We disagree.

For purposes of complying with NRCP 41(e), one way an action may be "brought to trial" is by calling one witness who testifies. *See* Weeks v. Roberts, 442 P.2d 361 (Cal. 1968). Here, three witnesses testified before the mistrial was declared. Under these circumstances, we believe appellant has satisfied the mandate of NRCP 41(e) and dismissal was improper. Accordingly, the district court order must be vacated and the cause remanded for proceedings consistent with this opinion.[2]

---

[2]The Governor designated Peter I. Breen, Judge of the Second Judicial District, to sit in place of HON. GORDON THOMPSON, Justice, who was disabled. Nev. Conts. art. 6, § 4.