GARY ALLEN SMITH, Appellant, *v.* GARY DEAN TIMM, Individually, and MERCY, INC., a Nevada Corporation, Respondents.

No. 10428

February 21, 1980                           606 P.2d 530

*L. Earl Hawley,* Las Vegas, for Appellant.

*Cromer, Barker & Michaelson,* Las Vegas, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

On March 21, 1970, in Las Vegas, an ambulance owned by respondent Mercy, Inc., and driven by respondent Gary Dean Timm, collided with an automobile driven by appellant. On March 6, 1972, appellant sued respondents for personal

injuries and damages. Respondents answered, with Mercy, Inc. counter-claiming for damages to its ambulance. The parties commenced discovery. Timm had left his employment and departed the state; hence, appellant took his deposition in Washington, D.C. On January 25, 1977, the court set a trial date of February 28, noting that the five years allowed for bringing cases to trial in Nevada, as provided in NRCP 41(e), would expire on March 6, 1977.[1]

After learning the trial date, respondents' counsel unsuccessfully attempted to locate Timm, and thereafter telephoned the clerk to confirm that the Timm deposition had been filed. Assured it was on file, respondents' counsel appeared for trial and announced himself ready to proceed. The trial court ruled upon certain preliminary motions. Respondents' counsel then asked again about the Timm deposition. Thereupon the deputy court clerk, upon opening the envelope believed to contain it, found only a transcript indicating that, on the date the Timm deposition was noticed to be taken, it had been continued to another time. After an unsuccessful effort to locate the deposition, respondents' counsel requested a continuance in order to locate Gary Timm, so he might testify in person. The court denied this motion, and commenced with jury selection; however, on March 1, respondents' attorney informed the court that a receipt showed the clerk's office had, in fact, received Timm's deposition from the deposition reporter. In other words, it then appeared that a significant court record had been misplaced.

After the appellant's attorney objected to any use of an unsworn copy of Timm's "deposition," respondents' attorney again moved to continue the trial. Over appellant's objections, the court continued the trial to July 18, 1977, ordering respondents to pay attorneys' fees to appellant's counsel, as well as to pay reasonable fees to doctors whom appellant had scheduled to testify. Respondents' counsel asked that the court order the parties to sign a written stipulation to avoid the effects of NRCP 41(e). The court so ordered, and the jurors were excused. On March 3, counsel for appellant and respondents signed the stipulation. On March 7, the trial judge approved the stipulation, which was thereupon filed.

[1]NRCP 41(e) provides in material part:

". . . Any action heretofore or hereafter commenced shall be dismissed by the court . . . on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended. . . ."

At the trial in July, the jury found in favor of the respondents and against appellant, giving respondent Mercy, Inc. judgment for $465.08. The court later denied appellant's motion for judgment n.o.v. and appeal was taken.

1. The appellant's first assignment of error is that the district court erred by continuing the trial from March 1, to July 18. Appellant argues that the court lacked power to order him to sign a stipulation extending the period provided in NRCP 41(e). We need not reach the merits of appellant's argument because we deem this case "brought to trial" within the meaning of our rule.[2] We do not determine the minimum point which will be said to commence a trial for purposes of NRCP 41(e). *Cf.* Ad-Art, Inc. v. Denison, 94 Nev. 73, 574 P.2d 1016 (1978) (one way is to call a witness who testifies). We hold, however, that a litigant who obtains a trial date within the statutory period, appears for trial in good faith, argues motions, and examines jurors, thereby "brings the case to trial." *Cf.* Kaoru Kadota v. City and County of San Francisco, 333 P.2d 75 (Cal.App. 1958). *See also* Vecki v. Sorenson, 340 P.2d 1020, 21–22 (Cal.App. 1959).

2. The appellant also contends that the district court abused its discretion by ordering a continuance, because respondents' counsel had not supported their motion by a proper affidavit. *See* DCR 21 and NRS 16.010. We disagree.

Respondents' counsel fully explained to the court why he had relied upon the Timm deposition. Timm, who suffered health problems, had been moving around the country. The respondents' investigator had been unable to locate Timm in time for trial. Timm's parents did not know his whereabouts. All these facts were made known to the court, and we think appellant waived any formal defects in respondents' application by failing to pursue them with the trial court, and by instead opposing the motion on other grounds. *Cf.* State v. McFadden, 43 Nev. 140, 182 Pac. 745 (1919). As to the motion's merits, we consider the trial court best able to judge whether respondents' motion was made in good faith or whether deception or fraud were being perpetrated to delay the proceedings. Neven v. Neven, 38 Nev. 541, 148 Pac. 354 (1915).

---

[2]Furthermore, were one to assume the court lacked authority to order appellant's attorney to sign a written stipulation, the fact remains that the stipulation was signed. *See* NRCP 11, NRCP 7(b)(2) and DCR 24. *Cf.* Grenz v. Grenz, 78 Nev. 394, 374 P.2d 891 (1962).

3.   Appellants next argue that the district court should have entered a default because the respondents failed to pay the doctors' reasonable expenses as ordered. This contention lacks merit. As the record reflects, the court and both attorneys later agreed that the bills submitted by the doctors were unreasonable. The court made no further order respecting payment of doctors' fees.

4.   Appellant next contends that the court erred in refusing testimony from the attorney who presented his case. The rule regarding an attorney as a witness is set forth in SCR 185:

> Rule 185.   Lawyer as witness. When a lawyer knows, prior to trial, that he will be a necessary witness, other than as to merely formal matters such as identification or custody of a document or the like, he should not conduct the trial. If, during the trial, he discovers that the ends of justice require his testimony, he should, from that point on, if feasible and not prejudicial to his client's case, leave further conduct of the trial to other counsel. If circumstances do not permit withdrawal from the conduct of the trial, a lawyer should not argue the credibility of his own testimony.

It may be inferred from the record that counsel realized he might be required to testify. Thus, we think the trial court ruled properly in later excluding counsel's testimony.

5.   Finally, appellant contends on appeal that the court failed to instruct the jury adequately on appellant's theory of the case. Cf. American Cas. Co. v. Propane Sales & Serv., 89 Nev. 398, 401, 513 P.2d 1226, 1228 (1973).

Although appellant has complained about refusal to give some thirty instructions, the only authority provided us is by reference to sections of a legal encyclopedia and the cases cited therein. We do not consider this to be an adequate discharge of the appellant's obligation to cite legal authority. NRCP 51, NRAP 28; cf. Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976). We are unable to evaluate the instructions offered on the authority of this court's decision in Johnson v. Brown, 75 Nev. 437, 345 P.2d 754 (1959) because an exhibit containing copies of ordinances and statutes was not designated as part of the record. Without reviewing the statutes and ordinances which were admitted and which were incorporated in instruction No. 28, given by the court, we are unable to

say that the court erred in refusing appellant's proposed instructions.

Beyond this, upon review of the record, we see no error of a prejudicial character. NRCP 61; *cf.* Truckee-Carson Irr. Dist. v. Wyatt, 84 Nev. 662, 448 P.2d 46 (1968). Had the court given appellant's requested instructions, we are not persuaded a different result would have been obtained.

6. Nor was it error to refuse to enter judgment n.o.v. in favor of appellant. Where there is conflicting evidence, this court is not free to weigh the evidence, and all inferences must be drawn in favor of the prevailing party. *Cf.* Dudley v. Prima, 84 Nev. 549, 445 P.2d 31 (1968). There was evidence to support the verdict.

The judgment for respondents is affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.