KENNETH F. JOHANN, D/B/A JOHANN REALTY, APPELLANT, *v.* ALADDIN HOTEL CORPORATION, RESPONDENT.

No. 12171

March 3, 1981                    624 P.2d 493

*John Peter Lee, Ltd.* and *James C. Mahan,* Las Vegas, for Appellant.

*Jones, Jones, Bell, Close & Brown,* and *Gary R. Goodheart,* Las Vegas, for Respondent.

---

[1]The Chief Justice designated THE HONORABLE DAVID ZENOFF, Senior Justice, to sit in the place of THE HONORABLE CHARLES E. SPRINGER, who voluntarily disqualified himself in this case. Nev. Const. art 6, § 19; SCR 10.

## OPINION

*Per Curiam:*

This is an appeal from a district court order dismissing appellant's complaint on the basis of the mandatory dismissal provisions of NRCP 41(e). The rule requires dismissal "unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have stipulated in writing that the time may be extended."

On May 10, 1978, the parties stipulated in writing "that the time limitation set forth in NRCP 41(e) is hereby extended to the first day of June, 1979." On June 1, 1979, with counsel for the parties present, the trial was commenced before the chief judge of the judicial district. The testimony of a witness was taken. The case was therefore "brought to trial" on June 1, 1979, within the meaning of NRCP 41(e). Ad-Art, Inc. v. Denison, 94 Nev. 73, 574 P.2d 1016 (1978). Consequently, it was error to dismiss the complaint.

Respondent claims that a later stipulation and order are controlling. On November 3, 1978, pursuant to stipulation the court ordered that the case be heard *"prior* to June 1, 1979." A June 1 trial would not be timely, claims respondent, if *"prior to June 1"* is the binding time limitation. Neither the stipulation nor the order of November 3, 1978, refers to Rule 41(e). We reject the contention that the later stipulation or order in

any way supercedes or invalidates the May 10, 1978 stipulation extending *"to* the first day of June, 1979." (Court's emphasis.)

Respondent also says that the trial proceedings were "void and of no force and effect" because they were conducted in response to what respondent perceives as an irregular *ex parte* order of the chief justice of this court.

As stated, the only question here is whether or not the case was "brought to trial" on time. Trial was commenced by a duly elected district judge, the chief judge of his district. He was empowered by the constitution and laws of this state to do just that. Whatever might have been the import of the mentioned *ex parte* order, it certainly could not and did not render the trial "void" as contended by respondent.

The order of dismissal is set aside and the matter remanded with instructions that it be brought on for trial on the merits within 120 days of receipt of remittitur.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and SPRINGER, JJ., and ZENOFF, SR. J.,[1] concur.