FRANK ZUPANCIC, D/B/A F & Z CONSTRUCTION COMPANY, ELIZABETH ZUPANCIC, BUFFALO REALTY, INC., A NEVADA CORPORATION, PATRICIA HILLIARD AND DOES I THROUGH X, APPELLANTS, v. SIERRA VISTA RECREATION, INC., A NEVADA CORPORATION, RESPONDENT.

No. 11694

April 1, 1981                                    625 P.2d 1177

---

[1]The Governor designated The Honorable Roy L. Torvinen, Judge of the Second Judicial District Court, to sit in the place of THE HONORABLE NOEL E. MANOUKIAN, Justice, who was disqualified. Nev. Const. art. 6, § 4.

[Rehearing denied May 12, 1981]

*Morton R. Galane,* A Professional Corporation, and *James J. Jimmerson,* Las Vegas, for Appellants.

*Nitz, Schofield & Nitz,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

In this appeal we are asked to determine whether or not the trial court erred in consolidating th earing for a preliminary injunction with the trial on the merits and whether or not there is substantial evidence to support the mandatory injunction. We conclude that no error was committed, that there was substantial evidence to justify the granting of the injunction, and accordingly, we affirm.

Western Industries, Inc., a Nevada corporation, created Sierra Vista Ranchos, Unit No. 1, a Clark County residential subdivision in 1961 and recorded concurrently with the subdivision plat a Declaration of Protective Conditions, Covenants and Restrictions. Western Industries subsequently changed its name to Torginol Industries, Inc. Western Industries, Inc., was

the developer and owner of all of the real estate in the subdivision and was, as is common, designated as the "declarant" in the Declaration of Protective Conditions, Covenants and Restrictions. (CC & R's.) On April 14, 1966, Torginol amended the CC & R's and designated Sierra Vista Recreation, Inc., plaintiff below, as the successor declarant who thereafter undertook the responsibility to preserve and maintain the common recreational areas, including the enforcement of the CC & R's.

Frank Zupancic, the principal defendant below, purchased lots from time to time during the 1960's and in 1969, in addition to purchasing three lots, he acquired an option to purchase 45 more lots within the subdivision. He subsequently exercised those options thereby acquiring the properties. Zupancic testified that he presently owned approximately 14 lots in the subdivision which included the lot upon which his personal residence was located and Lot Number 7 in Unit 2 which is where the A-frame building known as the "sales office" was situated.

Zupancic acknowledged that it was his understanding that the function and purpose of Sierra Vista was to manage, preserve and maintain the common recreational areas and to enforce the CC & R's for the benefit of the membership of Sierra Vista, which consisted of all of the owners of lots in the subdivision. He further testified that he had used the building in question as a sales office for the purposes of advertising his construction business since 1963, and had continuously conducted sales activities at that location to sell Sierra Vista subdivision lots which he personally owned. Buffalo Realty, Inc., through defendant-appellant Patricia Hilliard, its President, used the office as Zupancic's exclusive sales agent to sell Zupancic's remaining lots in the subdivision.

In the hearing for a preliminary injunction below, Zupancic unsuccessfully raised the following affirmative defenses: estoppel, based upon 15 years of implied acquiescence in the building's location together with Zupancic's expenditures in buying his lots; waiver; and, that the balance of equities warrants denial of relief to Sierra Vista.

Following the presentation of the evidence during the hearing on the motion, the trial court consolidated the hearing and the trial on the merits, upon a motion by Sierra Vista over Zupancic's objections. From that judgment, Zupancic appeals.

Although the issue of when notice must be given the parties in an action when consolidation under NRCP 65(a)(2) may

result in a final adjudication has been considered by several federal courts, it is a question of first impression in this state.[1]

The federal cases have .been strict in their interpretation of Fed. R. Civ. P. 65(a)(2) requiring that "clear and unambiguous notice" be given "either before the hearing commences or at a time which will still afford the parties a full opportunity to present their respective cases." Pughsley v. 3750 Lake Shore Drive Cooperative Bldg., 463 F.2d 1055, 1057 (7th Cir. 1972); T.M.T. Trailer Ferry, Inc. v. Union DeTronquistas De Puerto Rico, Local 901, 453 F.2d 1171, 1172 (1st Cir. 1971). The purpose advanced for this required notice is the concern that a party may be denied his full day in court, Nationwide Amusements, Inc. v. Nattin, 452 F.2d 651, 652 (4th Cir. 1971), a concern so strong that even in *Nationwide Amusements,* where "a number of witnesses appeared for [the] appellant, . . . the case was developed in some detail," and "the issues presented by the motion for preliminary injunction were similar if not the same as those raised for final determination," *id.* at 652, Fed. R. Civ. P. 65(a) was held to require "some form of notice to the parties that their final day in court has come." *Id.* These cases seemingly culminated in Gellman v. State of Maryland, 538 F.2d 603, 605 (4th Cir. 1976) wherein the court concluded that generally notice is insufficient if given "after the evidentiary hearing has been concluded."

We agree with those cases standing for the proposition that the preferred manner of consolidation would include advance notice to the parties, but the mere fact that a party may be surprised that his day in court has arrived is alone not a sufficient basis for reversal; prejudice must also be shown. *See generally* Eli Lilly and Company v. Generix Drug Sales, Inc., 460 F.2d 1096, 1106 (5th Cir. 1972); Nationwide Amusement, Inc. v. Nattin, 452 F.2d at 652. *See also* Gellman v. State of Maryland, 538 F.2d at 605-06.[2]

---

[1]NRCP 65(a)(2) is identical to Fed. R. Civ. P. 65(a)(2), which provides in part:

> *Before or after* the commencement of the hearing of an application for a preliminary injunction, the court may order the trial of the action on the merits to be advanced and consolidated with the hearing of the application.

(Emphasis added.)

[2]In *Gellman, inter alia,* the defendant-respondents had not filed a responsive pleading; there had been no opportunity for the plaintiff-appellant to complete discovery that had already been initiated; there had been no formal notice prior to the hearing for preliminary injunction, that the trial court intended to consolidate that hearing with a proceeding on the merits; and, counsel for the plaintiff vigorously contended that his client had additional evidence that, on the merits, would be presented.

This burden properly rests upon the appellant Zupancic, who must show that the consolidation affected his "substantial rights," NRCP 61, or prejudiced his right to have his "day in court." *Nationwide Amusement,* supra. Zupancic has shown no such prejudice or any such denial. In this case an answer had been filed, the hearing was plenary and detailed, and included extensive direct and cross-examination testimony from the several material witnesses for both sides. The case is uncomplicated, the issues presented by the motion for preliminary injunction are virtually the same as those relevant to a final determination; the facts involved were known intimately by all the parties, militating against Zupancic's objection that other evidence could "be developed in this case upon many of the issues raised by the pleadings" which required discovery;[3] the trial briefs and arguments were ably presented by counsel; and the findings of fact and conclusions of law were detailed.

Analogous support for this position is found in cases which involve the granting of summary judgment when there exists no material issue of fact. NRCP 56; Fed. R. Civ. P. 56. In the present case, the evidence adduced during the preliminary hearing demonstrates that there was no serious conflict of material fact that would justify a full and formal trial on the merits. In our view, appellants' rights to a full trial were not prejudiced. *See* United States v. Meredity, 596 F.2d 1353, 1358 (8th Cir. 1979). *See also* Hurwitz v. Directors Guild of America, Inc., 364 F.2d 67, 70 (2nd Cir.), *cert. denied,* 385 U.S. 971 (1966).

Hearing and trial procedures, such as consolidation and the scheduling of hearings, so long as within the parameters of the governing rules, are matters vested in the sound discretion of the trial court. Absent an abuse of discretion and/or substantial prejudice to the complaining parties' rights, *see* NRCP 61,

---

[3]Neither the record nor briefs reflect or suggest just what other relevant evidence might have been produced by Zupancic following the two day proceeding below. There was neither an offer of proof nor any pre or post-judgment motion suggesting what relevant evidence appellants expected to gain from discovery. Indeed, a statement by appellants' trial counsel tends to refute the prospect of anything new being presented. Counsel indicated in his closing argument:

> What I would have in mind is not discussing the final merits of the case. *Much of the contents of the points and authorities, as I view it, was directed to the merits of the litigation* rather than some very serious problems relating to the motion for preliminary injunction.
> . . .

(Emphasis added.) *See* Pughsley v. 3750 Lake Shore Drive Cooperative Bldg., 463 F.2d at 1057 (Knoch, S.C.J., dissenting.).

we will not interfere with the trial court's exercise of that discretion. Casino Operations, Inc. v. Graham, 86 Nev. 764, 476 P.2d 953 (1970). The record in the instant case is devoid of any such demonstration. *Cf.* Eli Lilly and Company v. Generix Drug Sales, Inc., 460 F.2d at 1105 (affirmed on consolidation issue even though trial proceedings had commenced without notice of intent to consolidate and with knowledge that a litigant had recently noticed the taking of several depositions); *and* Nationwide Amusement, Inc. v. Nattin, 452 F.2d at 652 (reversed on consolidation issue as serious federal constitutional claim raised but not considered by the trial court).[4]

*Eli Lilly* is instructive that where a deficit of notice precludes a complaining party from developing a sufficient record requisite to a final disposition, and that when the state of the record is such that meaningful appellate review of the issues of either lack of fair notice or resulting prejudice is thereby prevented, a remand is appropriate. In the instant case, however, we can accurately determine both issues from the record. *See* Stover v. Las Vegas International Country Club, 95 Nev. 66, 589 P.2d 671 (1979). Here, despite the lack of seasonable notice that the parties were expected to present their entire case, the evidence demonstrates that respondent was entitled to prevail on the merits as to permanent and mandatory injunctive relief irrespective of any additional proof which Zupancic might have produced.

Zupancic's second major assignment of error is his contention that the trial court erred in entering the mandatory injunction requiring the removal of the portable structure because the balance of the equities favors appellants. This claim is essentially a challenge to the sufficiency of the evidence supporting the trial court's granting of the mandatory injunction. This claim is without merit.

Zupancic testified that he presently owned approximately fourteen lots in Sierra Vista and that he had, while a member of

---

[4]Notwithstanding, we wish to make clear that our trial court's must apprise the parties, as they are required to do under NRCP 65(a)(2), prior to or during the course of the hearing in clear and unambiguous terms of the consolidation of the hearing on the application for preliminary injunction with the trial on the merits. Although we do not interpret the Rule as requiring a formal written order or notice, it does require some form of notice to the litigants that their final day in court has come. Puerto Rican Farm Workers *ex rel.* Vidal Eatmon, 427 F.2d 210, 211 (5th Cir. 1970). The notice should be sufficient enough to afford the parties a full opportunity to present their respective cases.

the Board of Directors of Sierra Vista, enforced the restrictive covenants against other lot owners. The building in controversy is a "portable building," and was moved from a prior location in Sierra Vista to its present location.

In examining restrictive covenants, we have held that as long as the "original purpose of the covenants can still be accomplished and substantial benefit will inure to the restricted area by their enforcement, the covenants stand even though the subject property has a greater value if used for other purposes. [Citations omitted]." Western Land Co. v. Truskolaski, 88 Nev. 200, 205, 495 P.2d 624, 627 (1972). The preservation of the residential character of the neighborhood is a purpose that we recognized in *Western Land Co.* as one being of "real and substantial value to the home owners in the subdivision." *Id.* at 204, 495 P.2d at 626. Sierra Vista, in its capacity as successor declarant, in seeking removal of a building which is nonconforming in both size and purpose to the restrictive covenants is rightfully attempting to effectuate such a purpose.

Zupancic's claims were resolved by the lower court in favor of Sierra Vista upon conflicting evidence. There being substantial evidence supporting this resolution by the trial court, we will not disturb it on appeal. *Id.* at 205, 495 P.2d at 627; Bangston v. Brown, 86 Nev. 653, 473 P.2d 829 (1970); Franklin v. Bartsas Realty, Inc., 95 Nev. 559, 598 P.2d 1147 (1979).

The remaining claims of error being without merit, we affirm the judgments of the lower court granting the permanent and mandatory injunction.

BATJER and MOWBRAY, JJ., and FONDI, D. J.,[5] concur.

GUNDERSON, C. J., dissenting:

With all due deference, I cannot agree that, to justify an objection, a party must show prejudice affirmatively when, without proper notice, he is "surprised that his day in court has arrived." *Cf.* State v. McFadden, 43 Nev. 140, 182 P. 745 (1919).[1]

---

[5]The Governor designated The Honorable Michael E. Fondi, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE GORDON THOMPSON, Justice. Nev. Const. art. 6, § 4.

[1]"'If the application to reset the case for trial on an earlier date . . . is to be regarded or considered as a motion . . . confessedly the application was not in accordance with the statute or the said rule as to the requirement that such motion must be noticed at least five days before the date specified for a hearing. Attempt is made to maintain the action of the court upon the ground that courts have inherent power to regulate their own docket and control their own business. This position is not tenable in face of the explicit and unconditional direction of the statute and said rule of court. . . .'" *Id.*