ALLAN B. LIPITT, Appellant, *v.* THE STATE OF NEVADA; CITY OF LAS VEGAS, NEVADA; WILLIAM H. BRIARE; RON LURIE; AL LEVY; ROY WOOFTER and PAUL CHRISTENSEN; RUSSELL DORN; WILLIAM B. BERK; LARRY DANIELSON; J. ANGUS MACEACHERN; CLARK COUNTY, a Political Subdivision of the State of Nevada; SAM BOWLER, ROBERT N. BROADBENT, DAVID B. CANTER, MANUEL J. CORTEZ; THALIA M. DONDERO, JACK R. PETITTI; RICHARD J. RONZONE; THE CITY OF HENDERSON, NEVADA; KENT ANDERSON and PHIL STOUT; CITY OF NORTH LAS VEGAS, NEVADA; RAY DAINES; TOM BROWN; CITY OF BOULDER CITY, NEVADA; RICHARD DANIELSON; LAS VEGAS/CLARK COUNTY CONSORTIA CETA PRIME SPONSOR; THE EXECUTIVE BOARD OF THE LAS VEGAS/CLARK COUNTY CONSORTIA, CETA PRIME SPONSOR, Respondents.

No. 17732

September 30, 1987                              743 P.2d 108

*Orin G. Grossman,* Las Vegas, for Appellant.

*George F. Ogilvie,* Las Vegas City Attorney, and *Stephen G. Jones,* Deputy; *Shauna M. Hughes,* Henderson City Attorney, and *Ronald Sailon,* Deputy; *Roy A. Woofter,* North Las Vegas City Attorney, and *Liza Conroy,* Deputy; and *B. G. Andrews,* Boulder City City Attorney, for Respondents.

## OPINION

*Per Curiam:*

Plaintiff Allan Lipitt sued the State, several cities and their respective officials (hereinafter "cities") as a result of his termination as the head of the CETA program in Las Vegas. The district court dismissed his claims for wrongful termination and we upheld this determination in an earlier appeal. The State was dismissed by stipulation. However, his claims for assault, battery and infliction of emotional distress against the cities were not dismissed and are at issue now. The cities moved to have these remaining claims dismissed under the mandatory five year dismissal provisions of NRCP 41(e). We affirm the district court's order of dismissal.

The cities argue that the five year time limit for prosecution of an action under NRCP 41(e) ran before the May 9, 1986 hearing so that dismissal was mandatory. (The complaint was filed on June 17, 1980.) Rule 41(e) provides, as relevant, that an action must be dismissed if it is not brought to trial within five years after it was filed unless the parties have stipulated in writing that time may be extended. Lipitt contends, on the other hand, that dismissal was not mandated under the rule until three years after entry of our April 21, 1983 order dismissing the earlier appeals. *See* Massey v. Sunrise Hospital, 102 Nev. 367, 724 P.2d 208 (1986); NRCP 41(e). Judgment on our order was filed May 11, 1983, in district court. Thus, Lipitt had until May 11, 1986, to continue to prosecute his action. We conclude he did not succeed in bringing the matter to trial within the required time period.

Lipitt argues that the case was "brought to trial" within the time limits of Rule 41(e) because he called a witness[1] at the May 9 hearing.[2] We have held that a litigant who obtains a trial date within the statutory period, appears for trial in good faith, argues motions and examines jurors, thereby brings the case to trial. Smith v. Timm, 96 Nev. 197, 606 P.2d 530 (1980). We have also held that, for purposes of Rule 41(e), one way an action may be "brought to trial" is to call one witness who testifies. Ad-Art, Inc. v. Denison, 94 Nev. 73, 74, 574 P.2d 1016, 1017 (1978).

However, calling one witness who has no knowledge of the events involved in the action does not satisfy the spirit of our

---

[1]Lipitt called one of opposing counsel, the city attorney representing Boulder City.

[2]The matter was taken under submission on May 9. The court requested supplemental briefing, heard additional argument on September 17, 1986, and dismissed the case that day.

cases on what may constitute bringing a matter to trial. Plaintiff's counsel did not act in good faith by calling one of opposing counsel as his witness. The "witness" was not a Nevada resident or an attorney licensed to practice here·at the time Lipitt was fired and had no personal knowledge of the incident. Lipitt's counsel stated repeatedly at the hearing that he could call any person in the courtroom as a witness and satisfy the requirement that the case be "brought to trial." We conclude that Lipitt did not "bring the matter to trial" for purposes of Rule 41(e) by this sham proceeding.

In sum, we conclude this matter was correctly dismissed. Even though dismissal would have been improper here under the five year provisions of Rule 41(e), this matter continued beyond the three year extension following appeal provided by the rule. The district court did not err in dismissing a matter which had exceeded both mandatory dismissal provisions of Rule 41(e). Accordingly, we affirm the judgment of the district court.