A FRENCH BOUQUET FLOWER SHOPPE LTD., A NEVADA CORPORATION, APPELLANT/CROSS-RESPONDENT, v. PAULETTE HUBERT, RESPONDENT/CROSS-APPELLANT.

No. 19680

May 30, 1990                                    793 P.2d 835

[Rehearing denied August 21, 1990]

*Jones, Jones, Close & Brown,* Las Vegas, for Appellant/Cross-Respondent.

*M. Nelson Segel,* Las Vegas, for Respondent/Cross-Appellant.

## OPINION

*Per Curiam:*

In 1978 Robert and Deanne Werner filed a complaint against the sellers of certain real property. In 1980 the Werners transferred the real property to their business, A French Bouquet Flower Shoppe, Ltd. (French Bouquet). The Werners subsequently amended the complaint three times. In their fourth amended complaint filed in 1982, the Werners added respondent, the owner of the adjacent property, as a party.

On June 7, 1983, the district court granted the Werners' (French Bouquet's) motion for summary judgment against respondent. Respondent appealed, and on April 25, 1985, this court reversed the summary judgment and remanded the case to the district court. *See* Hubert v. Werner, 101 Nev. 193, 698 P.2d 426 (1985). This court issued its remittitur on May 14, 1985.

On April 20, 1988, French Bouquet, as substituted plaintiff for the Werners, filed its fifth amended complaint.[1] On May 12, 1988, in an effort to try the matter within the three-year limitation period, district court Judge Brennan swore Mr. Werner as a witness and Mr. Werner gave testimony. Judge Brennan then continued the trial. On October 27, 1988, Judge Pavlikowski granted respondent's motion to dismiss for failure to bring the case to trial within three years of the remittitur issued in the prior appeal. *See* NRCP 41(e).[2] On May 11, 1989, the district court

---

[1] The Fifth Amended Complaint was identical to the Fourth Amended Complaint except that French Bouquet was substituted as plaintiff, specifying that the Werners had transferred their interest in the real property to French Bouquet and that the Werners were the sole owners and directors of French Bouquet.

[2] NRCP 41(e) provides in pertinent part:

When in an action after judgment, an appeal has been taken and judgment reversed with cause and remanded for a new trial, . . . the action must be dismissed by the trial court on motion of any party after due notice to the parties, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court.

dismissed respondent's counterclaim for failure to bring the action to trial within three years after the date on which the remittitur was filed.

On appeal, French Bouquet asserts that the district court erred by dismissing its case for failure to bring the case to trial within three years of the remittitur pursuant to NRCP 41(e). *See* Lippett v. State, 103 Nev. 412, 743 P.2d 108 (1987). Respondent contends that Mr. Werner was not a witness with "knowledge of the events," therefore the limitations period specified in NRCP 41(e) was not tolled. *See Lippett,* 103 Nev. at 413. Respondent's contention is without merit.

We have held on numerous occasions that the swearing of a witness who gives testimony is sufficient to commence trial and thus toll the limitations period specified in NRCP 41(e). *See* Lippett v. State, 103 Nev. 412, 743 P.2d 108 (1987); Johann v. Aladdin Hotel Corp., 97 Nev. 80, 624 P.2d 493 (1981); Smith v. Timm, 96 Nev. 179, 606 P.2d 530 (1980); Ad Art, Inc. v. Dennison, 94 Nev. 73, 574 P.2d 1016 (1978); and Thran v. District Court, 79 Nev. 176, 380 P.2d 297 (1963).

Mr. Werner, the plaintiff in this action from its inception, was specifically sworn and gave testimony. Mr. Werner also lived on the property in issue since 1974. Therefore, we conclude that Mr. Werner *is a witness with knowledge of events relevant to the* proceedings below. Thus, Mr. Werner's testimony was sufficient to toll NRCP 41(e) and the district court erred by granting respondent's motion to dismiss pursuant to NRCP 41(e).

On cross-appeal, respondent contends that the district court erred by dismissing her counterclaim of August 1988 for failure to bring the case to trial within the limitations period specified in NRCP 41(e). We agree. Respondent's counterclaim arises out of the same subject matter as French Bouquet's claim and was therefore compulsory pursuant to NRCP 13.[3] Under these circumstances, respondent's compulsory counterclaim should be heard together with French Bouquet's claim upon remand to the district court.

Accordingly, we reverse the order of the district court and remand the case for further proceedings consistent with this opinion.

---

[3]NRCP 13(a) provides in relevant part:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.