An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

RACHELL A. RHEIN,
Appellant,
vs.
NOAH C. RHEIN,
Respondent.

No. 65057

**FILED**

APR 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from post-divorce decree district court orders modifying custody and awarding attorney fees. Eighth Judicial District Court, Family Court Division, Clark County; Kenneth E. Pollock, Judge.

Appellant contends that the district court abused its discretion when it granted the parties joint legal custody and expanded respondent's visitation with the parties' two children. The district court concluded that a change in circumstances since the last custody order warranted a review of the respondent's custodial time and considered the NRS 125.480(4) best interest factors when it increased respondent's legal custody rights and visitation with the children.[1] Substantial evidence supports the district court's factual findings and we conclude that the district court did not abuse its discretion. *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) ("Matters of custody . . . rest in the sound discretion of the

---

[1]Although appellant argues on appeal that the children were too young to express their custodial preferences, the district court found that the children enjoy spending time with respondent and would enjoy spending additional time with him, without relying on any opinion expressed by the children regarding custody specifically.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-11522

trial court."); *Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (providing that a district court's factual findings will be upheld if not clearly erroneous and if supported by substantial evidence).[2]

Appellant also contends that the district court's time management during the three-day evidentiary hearing prevented her from adequately presenting her case. Because appellant provides only limited excerpts from the evidentiary hearing transcript, we cannot conclude that the district court abused its discretion in its administration of the hearing.[3] *Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) ("When an appellant fails to include necessary documentation in the record, we necessarily presume that the missing portion supports the district court's decision."); *Zupancic v. Sierra Vista Recreation Inc.*, 97 Nev. 187, 192-93, 625 P.2d 1177, 1180 (1981) (providing that hearing and trial procedures are matters vested in the sound discretion of the trial court).

Finally, appellant contends that the district court abused its discretion when it found that respondent was the prevailing party regarding custody and thus was entitled to a portion of his attorney fees. A party prevails if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit. *Valley Elec. Ass'n v. Overfield*, 121 Nev. 7, 10, 106 P.3d 1198, 1200 (2005). As respondent

---

[2]Although appellant also argues that an order terminating respondent's parental rights should have been entered following the December 14, 2010, hearing, this issue was resolved by the district court order filed March 14, 2011, which appellant does not address on appeal.

[3]Similarly, appellant's argument that the district court assumed facts not in evidence fails for lack of a full transcript.

was awarded joint legal custody and increased custodial time with the children, we conclude that the district court did not abuse its discretion when it determined that respondent prevailed on these issues. *Rivero v. Rivero*, 125 Nev. 410, 440, 216 P.3d 213, 234 (2009) ("This court reviews the district court's award of attorney fees for an abuse of discretion."). Additionally, we note that the district court order for attorney fees was also based on contempt and bad faith litigation tactics.[4] *See* NRS 22.100; NRS 18.010(2)(b).

For the reasons discussed above, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Eighth Judicial District Court, Dept. J
        Rachell A. Rhein
        Noah C. Rhein
        Eighth District Court Clerk

---

[4]Appellant additionally argues that the district court drew an improper inference from her invocation of her Fifth Amendment right against self-incrimination. Appellant, however, was not held in contempt regarding the matter in which she invoked her right against self-incrimination, and thus, she lacks grounds to raise this issue on appeal.

[5]We conclude that appellant's additional arguments lack merit.